**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

EMILY LILLARD,

Plaintiff, Case No.: 1:16-cv-22974-KMW/AMS

vs.

SOULCYCLE INC., a Delaware For Profit Corporation, **JURY TRIAL DEMANDED**

Defendant.
_________________________________/

**FIRST AMENDED COMPLAINT**

Plaintiff, EMILY LILLARD, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), hereby files her First Amended Complaint against Defendant, SOULCYCLE INC. ("SoulCycle"), and states as follows:

1. This is an action for discrimination based upon Ms. Lillard's disability and status as a pregnant female pursuant to the Pregnancy Discrimination Act ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA").

2. Ms. Lillard has complied with all conditions precedent in this case, or they have been waived.

3. This complaint has been filed within ninety (90) days of the date of the EEOC's Notice of Right to Sue.

4. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

5. Defendant SoulCycle, Inc. is a Delaware For Profit Corporation authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

6. Jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

7. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c) because the acts that gave rise to Ms. Lillard's claims occurred within the Southern District of Florida, and because Defendant is subject to jurisdiction here.

8. Ms. Lillard timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about April 28, 2016. On or about April 29, 2016, the EEOC issued to Ms. Lillard a "Notice of Right to Sue." The Charge of Discrimination and Notice of Right to Sue are attached herein as Exhibits "A" and "B."

9. Ms. Lillard has retained the undersigned counsel in order that her rights and interests may be protected. Ms. Lillard is obligated to pay the undersigned reasonable attorney's fees and seeks to recover such fees from Defendant.

**<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

10. Ms. Lillard was hired by Defendant on June 18, 2015 for a position as Front Desk Staff.

11. On or about August of 2015, Ms. Lillard notified her co-workers at SoulCycle that she was pregnant.

12. Before September of 2015, Defendant never informed Ms. Lillard that her performance as Front Desk Staff was deficient in any way.

13. During Ms. Lillard's next shift immediately following the shift during which she informed Defendant about her pregnancy, Defendant administered to Ms. Lillard, without any advance notice, an oral "competency exam."

14. The oral "competency exam" consisted of questions that did not relate to Ms. Lillard's position as Front Desk Staff, and about which she had never received any training from Defendant.

15. Ms. Lillard asked Defendant how the exam was scored, but did not receive a response.

16. Ms. Lillard asked Defendant if she could see the written questions that were being read to her, but was not given that opportunity.

17. Defendant informed Ms. Lillard that she failed the exam.

18. Defendant informed Ms. Lillard that she would be given a second opportunity to pass the exam, and that the second exam would be an exact replica of the first.

19. Ms. Lillard asked Defendant for, but never received, the correct responses to the questions she allegedly answered incorrectly.

20. Ms. Lillard asked Defendant for, but never received, the questions she allegedly answered incorrectly.

21. Ms. Lillard asked Defendant for, but never received, notice of the date on which the second exam would take place.

22. On or about September 3, 2015, Defendant administered to Ms. Lillard, without notice, a second oral "competency exam."

23. Contrary to Defendant's previous statement to Ms. Lillard, the second oral "competency exam" was composed of entirely different questions from the first oral "competency exam."

24. On or about September 4, 2015, Defendant terminated Ms. Lillard.

25. Ms. Lillard asked Defendant, at the time her termination, why the questions on the oral "competency exam" were different from those on the first oral "competency exam," when she had relied upon the statement that they would be the same. Defendant's response to Ms. Lillard was that the discrepancy was irrelevant because Ms. Lillard was "not a good fit" and "needed to part ways" with the company. Defendant did not state that Ms. Lillard's job performance as Front Desk Staff was deficient on any occasion throughout her employment at SoulCycle.

26. Similarly situated non-pregnant employees at the SoulCycle location where Ms. Lillard was employed were not subject to the same or similar adverse employment actions, such as:

(a) Random oral “competency exams” with no advance notice;

(b) Random oral “competency exams” covering subjects unrelated to her employment position;

(c) Random oral “competency exams” administered months after employment commenced but curiously within one working day of Ms. Lillard notifying SoulCycle of her pregnancy;

(d) Random oral “competency exams” covering arbitrary subjects without results or feedback;

(e) Termination based upon seemingly manufactured oral “competency exams” on arbitrary subjects with arbitrary answers.

(f) Termination upon unexplained failure on arbitrary oral “competency exams,” without any prior warnings for deficient job performance.

**COUNT I: PREGNANCY DISCRIMINATION UNDER THE PDA AND TITLE VII**

(g) Ms. Lillard re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if fully set forth herein.

(h) Ms. Lillard is a member of a protected class under Title VII.

(i) By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Ms. Lillard on account of her pregnancy in violation of the Pregnancy Discrimination Act and Title VII.

(j) The reason given for Ms. Lillard’s termination by Defendant was a pretext for discrimination.

(k) Defendant knew, or should have known, of the discrimination.

(l) As a result of Defendant' unlawful discrimination, Ms. Lillard has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment (i) requiring Defendant to pay to Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein; (ii) awarding Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; (iii) awarding Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and (iv) granting such other and further relief as this Court deems just.

**COUNT II: PREGNANCY DISCRIMINATION UNDER THE FCRA**

(m) Ms. Lillard re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if fully set forth herein.

(n) Ms. Lillard is a member of a protected class under the FCRA.

(o) By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Ms. Lillard on account of her pregnancy in violation of the FCRA.

(p) The reason given for Ms. Lillard's termination by Defendant was a pretext for discrimination.

(q) Defendant knew, or should have known, of the discrimination.

(r) As a result of Defendant' unlawful discrimination, Ms. Lillard has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment (i) requiring Defendant to pay to Plaintiff appropriate back pay, benefits' adjustment, and

prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein; (ii) awarding Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; (iii) awarding Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to Florida Statute § 760.11; and (iv) granting such other and further relief as this Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable by right.

Dated: September 20, 2016

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Plaintiff*
100 S.E. 2nd Street
27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

By: /s/ Robert M. Einhorn
**ROBERT M. EINHORN - FBN 858188**
E-mail: reinhorn@zarcolaw.com
**MELISSA I. SOFTNESS - FBN 98786**
E-mail: msoftness@zarcolaw.com
Secondary E-mail: asilvarrey@zarcolaw.com
Tertiary E-mail: eservice@zarcolaw.com